1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMY GETTINGS,                          No.  2:15-cv-2687-MCE-EFB PS

12                  Plaintiff,

13        v.                                   ORDER

14   BRITTNEY COULLAHAN, et al.,

15                  Defendants.

16

17        Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His

18   declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2, 4, 5.

19   Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

20        Determining that plaintiff may proceed *in forma pauperis* does not complete the required

21   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

22   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

24   below, plaintiff's complaint fails to establish this court's jurisdiction and must be dismissed.

25        Plaintiff also moves for approval to file a notice of lis pendens.  ECF No. 3.  That motion

26   is denied for the reasons explained bellow.

27

28   _____
          [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                            1

I.       Screening Pursuant to § 1915(e)(2)

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants Brittney Coullahan, Glen Cunningham, and Judge Cara Beatty, alleging violation of his civil rights, as well as state law.  ECF No. 1.  Plaintiff alleges that in 2009 he entered into a contract with defendants Brittney Coullahan and Glen Cunningham for the sale of real property located in Shasta County.  *Id*. at 2.  Plaintiff financed the purchase of the property, and the parties agreed that Coullahan and Cunningham would make monthly payments to plaintiff.  *Id.*  In October 2013, these defendants ceased making their monthly payments that were required by the contract. *Id*.

In April 2014, plaintiff commenced a non-judicial foreclosure proceedings, which eventually concluded with plaintiff obtaining title to the property.  *Id*. at 3, 5.  A few months later, plaintiff recorded a deed of trust, which presumably secured the loan he made to Coullahan and Cunningham, but it was not signed by these defendants.  *Id*.  These defendants subsequently vacated the property, but plaintiff alleges that they caused $15,500 in damages prior to their departure.  *Id*. at 3-4.  Plaintiff also claims that that he suffered additional loss from Coullahan and Cunningham's failure to make their monthly payments for two years.  *Id*. at 3.

The complaint also alleges that after the departure, Coullahan would occasionally return to to the property to harass the current occupants and attempt to convince them that she is the rightful owner of the property.  *Id*. at 4-5.  This conduct eventually resulted in plaintiff filing a case in the Shasta County Superior Court, seeking to quiet title to the property.  *Id*.  However, plaintiff claims that defendant Judge Beatty declared him a vexatious litigant and dismissed the action.  *Id*. at 5.  Plaintiff appealed that determination but it was affirmed by the California Court of Appeal.  *Id*.

1       Plaintiff now asserts a section 1983 civil rights claim against Judge Beatty, and state law

2  claims against all defendants.  ECF No. 1 at 2-9.  However, it does not appear that this court has

3  jurisdiction over this case.

4       As noted, plaintiff's section 1983 claim is asserted against Judge Beatty only.  *Id*. at 8-16.

5  That claim is predicated on the judge's official act of declaring plaintiff a vexatious litigant, and

6  therefore Judge Beatty is entitled to absolute judicial immunity.  *See Schucker v. Rockwood*, 846

7  F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages

8  actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute

9  immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that

10  is not judicial in nature.")[2]  Accordingly, plaintiff's section 1983 claim is barred.

11       As for plaintiff's state law claim, plaintiff's complaint fails to allege facts sufficient to

12  establish this court's subject matter jurisdiction.  Plaintiff does not allege the diversity of

13  citizenship of all parties, nor does he allege that he sustained damages exceeding $75,000.  *See* 28

14  U.S.C. § 1332.  Thus, there is no basis asserted for proceeding on state law claims in this court.

15       Accordingly, plaintiff's complaint will be dismissed.  However, plaintiff is granted leave

16  to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a

17  cognizable legal theory against a proper defendant and sufficient facts in support of that

18  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

19  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

20  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

21  shall clearly set forth the allegations against defendant and shall specify a basis for this court's

22  subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered

23  paragraphs, each limited as far as practicable to a single set of circumstances," as required by

24  Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line

25  numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and

26

27       [2]  The complaint also indicates that Judge Beatty was previously a Commissioner.  ECF
No. 1 at 8.  Judicial immunity extends to municipal court commissioners performing judicial

28  functions.  *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995).

1    130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and

2    against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must

3    plead clear facts that support each claim under each header.

4           Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

5    make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

6    complete in itself.  This is because, as a general rule, an amended complaint supersedes the

7    original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

8    plaintiff files an amended complaint, the original no longer serves any function in the case.

9    Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

10   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

11   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

12   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

13   comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

14   may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

15   II.     Motion to Record Notice of Lis Pendens

16          Plaintiff also filed motion for approval to record a notice of lis pendens.  ECF No. 3.  "A

17   lis pendens is a recorded document giving constructive notice that an action has been filed

18   affecting right or title to possession of the real property described in the notice."  *Pedersen v.*

19   *Greenpoint Mortgage Funding, Inc.*, 2011 WL 3818560, at *22 (E.D. Cal. Aug. 29, 2011).

20   California Code of Civil Procedure section 405.20 provides that a party to an action who asserts a

21   real property claim may record a notice of pendency of action in the office of the recorder of each

22   county in which all or part of the real property is situated.  However, under California Code of

23   Civil Procedure § 405.21, "[t]he only way an individual in pro per can record a notice of

24   pendency of action is with the approval of a judge."  *Wolf v. Wells Fargo Bank*, N.A., 2011 WL

25   4595012, at *2 (N.D. Cal. Oct. 4, 2011)*; see also Orcilla v. Bank of America, N.A.*, 2011 WL

26   1113549, at *1 (N.D. Cal. Mar. 25, 2011).  Pursuant to California Code of Civil Procedure section

27   405.4, a " '[r]eal property claim' means the cause or causes of action in a pleading which would,

28   /////

5

1  if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use

2  of an easement identified in the pleading . . . ."

3          Because plaintiff's complaint must be dismissed for lack of jurisdiction, there is no cause

4  of action pending that can support the recording of a notice of lis pendens.  Accordingly, this

5  motion is denied without prejudice.  *See Austero v. Aurora Loan Services, Inc.*, 2011 WL

6  1585530, at *13 (N.D. Cal. Apr. 27, 2011) ("Because the Court has dismissed Plaintiffs' case, the

7  Court cannot determine whether Plaintiffs will be able to satisfy the requirements for lis pendens,

8  i.e., the probable validity of the claims.  The Plaintiffs' lis pendens application is denied without

9  prejudice.").

10  III.    Conclusion

11          For the reasons stated above, IT IS ORDERED that:

12          1.  Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2, 4, 5) is granted.

13          2.  Plaintiff's motion for approval to file a notice of lis pendens (ECF No. 3) is denied.

14          3.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

15          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

16  complaint.  The amended complaint must bear the docket number assigned to this case and must

17  be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance

18  with this order will result in a recommendation this action be dismissed.

19  DATED:  September 30, 2016.

20

21                         EDMUND F. BRENNAN
                           UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

6